### PETER BROOKS v. CHARLES T. DOXEY.

1. *Appeal by One Not a Party.* Where one is interested financially in a judgment rendered, in like manner as if he had been a formal party in the suit, he can appeal although not named in the judgment.

2. *Waiver in the Supreme Court.* Submitting a cause, by agreement, on an assignment of error as made waives all objection to the assignment.

3. *Principal and Agent.* When a factor sells goods in his own name, without notice to the purchaser that he is not the principal, the latter may sue the purchaser for the price of the goods, though the agent might sue therefor in the absence of any claim by the principal.

Filed March 31, 1881.

Appeal from Madison.

Opinion of the court by Mr. Justice Worden.

Peter Brooks sued David W. Campbell in the court below for the price of a quantity of potatoes sold and delivered.

On April 28, 1877, Charles T. Doxey sued Hayman & Co. before the mayor of Anderson, on an account, and process of garnishment was issued against Campbell on the alleged ground

that he was indebted to Hayman & Co., and such proceedings were had in that behalf as that judgment was rendered in favor of Doxey against Campbell as such garnishee.

The latter case went by appeal to the circuit court, where, by agreement of the parties, it was consolidated with the action of Brooks v. Campbell.

In the circuit court Campbell filed his complaint of interpleader, conceding that he was indebted to either Brooks or Hayman & Co. for the amount of the potatoes, $173.86, and brought the amount into court, and asked that Brooks and Doxey be required to interplead in order that their respective claims to the money might be settled.

Accordingly Brooks and Doxey interpleaded, and formed issues in respect thereto, which were tried by a jury, who returned the following verdict, viz:

" We, the jury, find for Charles T. Doxey that Stephen B. Hayman and Charles T. Hayman (Hayman & Co.), are indebted to said Charles T. Doxey in the sum of one hundred and forty-nine dollars and seventy-five cents; and that said David W. Campbell is indebted to said Stephen B. Hayman and Charles T. Hayman in the sum of one hundred and seventy-three dollars and eighty-six cents."

Brooks moved for a new trial on the ground, among other things, that the verdict was contrary to law and the evidence; but the motion was overruled, and exception taken.

The court rendered judgment that the claim of Doxey against Hayman & Co., and the costs of suit, be paid out of the money thus brought into court by Campbell.

Errors are assigned in the name of Brooks only as appellant, against Doxey, Campbell and the two Haymans, as appellees, pointing out as one of the errors the overruling of the motion for a new trial.

Before proceeding to consider the question involved in the error assigned we may dispose of a motion made by the appellee, Doxey, to set aside the submission and dismiss the appeal.

This motion is made upon the assumed ground that there was no judgment against Brooks; hence, that he could not appeal. There is nothing in this point. Brooks may not have

been named in the judgment, but it was as much against him as if he had been specially named, inasmuch as it appropriated the money, deposited by Campbell, to the payment of the debt due from Hayman & Co. to Doxey, and not to the payment ·of the debt due, if there was one, from Campbell to Brooks.

It is also insisted that the Haymans should have been made appellants instead of appellees; but it is a sufficient answer to this objection, if it has any foundation at all, to say that the cause was submitted by agreement on the assignment of error as made; and this was a waiver of the supposed objection.

We come to the motion for a new trial; and are of the opinion that the verdict was contrary to law as applied to the facts in the case.

We think it clear on the facts that Campbell owed Brooks, and not Hayman & Co. for the potatoes; and that the money brought into court by Campbell ought to have been applied to the payment of his debt to Brooks.

The material facts in the case were that Campbell was a dealer doing business at Anderson, Indiana, and Brooks and Hayman & Co. were doing business at Cincinnati.

After some correspondence between Campbell and Hayman & Co., Campbell, on April 26, 1877, ordered from Hayman & Co., by telegram, the potatoes in question.

Hayman & Co., being commission merchants and brokers, and not having the potatoes of their own, went to Brooks, who had potatoes, and who, upon examining Campbell's references, concluded to fill the order; and accordingly he shipped the potatoes to Campbell on the same day, in the name of Hayman & Co. as consignors; but at the same time Hayman & Co. made their draft on Campbell for the amount of the potatoes, payable to Brooks, at ten days.

Hayman & Co. had no interest in the potatoes, or in the transaction otherwise than as they got a commission from Brooks, for the sale of the potatoes.

The draft was presented to Campbell on or about the 30th of April, 1876, who declined to accept it on account of the garnishment.

These are the controlling facts in the case; and on them

we think it clear that Hayman & Co. must be regarded as the agents or factors of Brooks in effecting the sale of the potatoes, although Campbell dealt with them as principals and not as agents.

By filling the order which Hayman & Co. received from Campbell for the potatoes, and paying them their commission, he made the sale his own, as fully as if Hayman & Co. had been acting in his own name and as his agents.

Doubtless as Brooks was not known to Campbell in the purchase of the potatoes, if the latter had paid Hayman & Co. for them, without any notice of the claim of Brooks, the payment would have been valid.

As between Hayman & Co. and Brooks there is no ground, either at law or in equity, for holding that Hayman & Co. instead of Brooks, are entitled to recover for the potatoes; and Doxey, the attaching creditor of Hayman & Co. is in no better situation, in this respect, than Hayman & Co.

It is abundantly clear that when a factor sells goods in his own name, and without notice to the purchaser that he is not the principal, the latter may sue the purchaser for the price of the goods, though the agent might sue therefor in the absence of any claim by the principal.

Thus in Wharton on Agency and Agents, 3762, it is said: "Principal may sue vendee in his own name. This necessarily follows from what has been stated; and the suit may be either for the price of the goods, or for damages for the non-performance of the contract. This right exists though the factor himself be entitled to sue on the contract; or though the vendee supposed the factor to be the real vendor, the true principal being unknown. This right, however, is subject to the equities which the vendee has acquired by dealing bona fide with the agent as principal, or which the agent may have acquired from the course of the dealing between him and the vendee." In the case before us there are no equities that interfere with the payment of the debt to Brooks the principal. See also Storey on Agency, 8 Ed. § § 402, 403. In the section last cited it is said: "In the first place, then, the right of agents is subordinate to, and controllable by, their principals. Whenever the principal,

as well as the agent, has a right to maintain a suit upon any contract, made by the latter, he may generally supersede the right of the agent to sue, by suing in his own name."

In Ewell's Evans on Agency, p. 525 it is said: " It may here be mentioned that the right of the principal to sue is not affected by the fact that the agent is also entitled to sue, or that the principal was undisclosed at the time the contract was made, or that the agent acts under a *del credere* commission, or that the other contracting party dealt with the agent without notice of the existence of a principal." See also Dunlap's Paley's Agency, 4 Am. Ed. p. 324.

The judgment below is reversed with costs and the cause remanded for a new trial.